Clerk, U.S. District Court
Southern District of Texas
FILED

MAR 12 2014

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| vs. | § | CRIMINAL NUMBER 10-3-14 |
| | § | |
| OSCAR MANUEL GOMEZ GUERRA | § | |

SEALED / UNSEALED

C-14-178

INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE

Between on or about January 1, 2008, and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

OSCAR MANUEL GOMEZ GUERRA,

did knowingly and intentionally conspire and agree with other persons, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to-wit:

a) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds involving the proceeds of specified unlawful activity, to-wit: unlawful operation of unlicensed money transmitting business, to a place in the United States from or through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, to-wit: unlawful operation of unlicensed money transmitting business, and knowing that such transportation, transmission, and transfer was designed in

whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

and,

b) to conduct and attempt to conduct financial transactions which in fact involve the proceeds of specified unlawful activity, to-wit: unlawful operation of unlicensed money transmitting business, knowing that the property involved in the transactions represents the proceeds of some form of the activity, to-wit: unlawful operation of unlicensed money transmitting business, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

In violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

Between on or about January 1, 2008, and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

OSCAR MANUEL GOMEZ GUERRA,

aided, abetted, and assisted others, did knowingly conduct, control, direct, and own and attempt to conduct, control, direct, and own all or part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b)(1), which affected interstate or foreign commerce and that the business was operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or felony under State law,

and the defendant failed to comply with the money transmitting business registration requirements under Section 5330 or Title 31, United States Code, or regulations prescribed under such section, in violation of Title 18, United States Code, Sections 1960 and 2.

## NOTICE OF FORFEITURE

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States of America gives notice to the defendant,

OSCAR MANUEL GOMEZ GUERRA,

that, upon conviction of an offense in violation of Title 18, United States Code, Section 1956 as charged in Count One of the Indictment or an offense in violation of Title 18, United States Code, Section 1960, as charged in Count Two of the Indictment, the United States of America shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

a. The real property and improvements located at 4416 South H Street, McAllen, Texas 78504, with a legal description of: All of Lots 28 and 29, DEL LAGO SUBDIVISION, an Addition to the City of McAllen, Hidalgo County, Texas, according to the map recorded in Volume 46, Page 117, Map Records in the Office of the County Clerk of Hidalgo County, Texas, reference to which is here made for all purposes. Said property being more fully described in Warranty Deed from South Villa Hermosa, LTD., a Texas Limited Partnership to OE Properties, LLC, a Texas Limited Liability Company dated July 6, 2010 and filed for record in Office of the County Clerk of Hidalgo County, Texas on November 12, 2010.;

b. The real property and improvements located at 2001 Cueva de Oro, Austin, Texas 78746, with a legal description of: Lot 3, Block "A", of THE PRESERVE AT LOST GOLD CAVE – PHASE II, a subdivision in Travis County, Texas, according to the map or plat thereof recorded under Document No. 200500312, of the Official Public Records of Travis County, Texas; and

c. A personal money judgment in the amount of approximately ten million dollars ($10,000,000.00) in United States currency.

In the event the property that is subject to forfeiture, as a result of any act of omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or,

(e) has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to seek forfeiture of any substitute property of the defendant pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:
ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
JULIE K. HAMPTON
Assistant United States Attorney